IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PUERTO RICO

IN RE:

OMAR HERNANDEZ CARRASQUILLO

Debtor

_____

OMAR HERNANDEZ CARRASQUILLO

Plaintiff

v.

PUERTO RICO TELEPHONE COMPANY; DBA CLARO; CICA COLLECTION AGENCY INC., et al,

Defendants

CASE NO. 19-05560 (MCF)

CHAPTER 7

ADVERSARY CASE NO. 20-00133

## **OPINION AND ORDER**

The Plaintiff filed a four-count complaint alleging violations of the automatic stay and to the Fair Debt Collection Practices Act ("FDCPA") against Puerto Rico Telephone Company ("Claro") and against CICA Collection Agency ("CICA"). The first two counts were for violation of the automatic stay against the co-defendants, respectively. The remaining counts were only against CICA for violation of the FDCPA. The Plaintiff voluntarily dismissed the only count

-1-

against Claro, count I for violation of the automatic stay, upon the execution of a confidential settlement agreement with this party. Docket Nos. 57, 61, 63, 64 & 65. Count II for violation of the automatic stay and count III for violation of the FDCPA against CICA were also voluntarily dismissed, but without an agreement between the parties. Docket Nos. 47 & 49. Only one alleged violation of FDCPA count against CICA remains in the case.

CICA filed a motion to dismiss the complaint against it. Docket No. 37. The Plaintiff opposed.[1] Docket No. 48. CICA alleges that Plaintiff's complaint fails to state a claim upon which relief can be granted, and that the bankruptcy court lacks jurisdiction to entertain an action under the FDCPA. The Plaintiff defends the remaining FDCPA count and contends that taking all well pleaded facts as true, the complaint raises a right to relief and that the matter is justiciable. The Plaintiff believes he is entitled to relief under FDCPA because CICA's actions constituted a violation of the automatic stay. For the reasons the court will discuss below, the motion to dismiss filed by CICA is granted and the complaint is dismissed as to CICA.

**Motion to Dismiss**

The purpose of motions under Fed. R. Civ. P. 12 are to eliminate unnecessary delay at the pleading stage. Rauch v. Day & Night Mfg. v. Toronado Sys., 687 F.2d 182, 184 (7th Cir. 1978). In the instant case, CICA moves under Fed. R. Civ. P. 12(b)(6), which addresses the failure of a Plaintiff to state a claim upon which relief can be granted. CICA also raises the issue of the bankruptcy court's jurisdiction without citing Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief in its complaint. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A court may dismiss for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1992). Meanwhile, a motion to dismiss under Fed. R. Civ. P. 12(b)(1) seeks dismissal on the ground that the court lacks the authority to hear the dispute. Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). Notwithstanding, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] After CICA filed the motion to dismiss, the Plaintiff voluntarily dismissed counts II and III (violation of the automatic stay and FDCPA against CICA). Docket No. 47.

Dismissal for lack of jurisdiction can be entered sua sponte by the court. Fountain v. Karim, 838 F.3d 129, n.5 (2d Cir. 2016).

**Legal Analysis**

The court observes that the main issue before us is jurisdictional. The district courts refer to the bankruptcy courts all proceedings arising under, arising in, or related to cases under title 11. 28 U.S.C. § 157(a). "This broad jurisdiction grant allows the bankruptcy courts to 'deal efficiently and expeditiously with all matters connected with the bankruptcy estate.'" Gupta v. Quincy Med. Ctr., 858 F.3d 657, 662 (1st Cir. 2017)(citing Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995)). There is no doubt that the bankruptcy court is equipped with statutory jurisdiction to entertain actions that arise under the Bankruptcy Code. With regards to actions that do not stem from title 11, the bankruptcy court must observe if it has "related to" jurisdiction. Such is the case of an action under the FDCPA brought before the bankruptcy court.

Bankruptcy courts have varying opinions regarding their jurisdiction over claims brought under the FDCPA. One bankruptcy court determined that "judicial economy itself does not justify jurisdiction" when a debtor brings a complaint for FDCPA accompanied by a count for violation of the automatic stay. Goldstein v. Marine Midland Bank (In re Goldstein), 201 B.R. 1, 6-9 (Bankr. D. Me. 1996). Another bankruptcy court observed that FDCPA claims do not arise under, arise in, or are related to bankruptcy because the outcome of the adversary proceeding will not have an effect on the debtor's bankruptcy estate after the discharge has been entered. Martinez Arzuaga v. Quantum, Servicing Corp. (In re Martinez-Arzuaga), 2012 Bankr. LEXIS 1443, 2012 WL 1120673 (Bankr. D.P.R. Apr. 3, 2012).

The bankruptcy courts that have found subject-matter jurisdiction to entertain FDCPA claims, have looked to the set of facts before them, and if they are related to another cause of action that arises from the Bankruptcy Code. Eastman v. Baker Recovery Serv. (In re Eastman), 512 B.R. 832, 838 (Bankr. W.D. Tex. 2009). These courts consider that allowing a claim for violation of the discharge and the FDCPA provide judicial economy for the debtor. Id. However, this reasoning has been criticized by a viewpoint that understands that judicial economy under the "related to" test is not sufficient, but rather the important part is if the FDCPA claim affects the bankruptcy estate. Marshall v. PNC Bank, N.A. (In re Marshall), 491 B.R. 217, 230 (Bankr. S.D. Ohio 2012).

In this circuit, the appropriate test to determine "related to" jurisdiction is the standard established in Pacor, Inc. v. Higgins (In re Pacor), 743 F.2d 984 (3rd Cir. 1984). Roman Pérez v.

Operating Partners Co. LLC (In re Roman-Perez), 527 B.R. 844 (Bankr. D.P.R. 2015) ("[t]he First Circuit and various courts within it have recognized and adopted [the Pacor] standard.").[2] This standard consists of determining whether the proceeding is "related to" by considering if the outcome of the proceeding "could conceivably" alter the estate. Pacor, 743 F.2d at 994. This means that if the outcome of the FDCPA claim "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate," then the proceeding is "related to" bankruptcy and the bankruptcy court can justify its jurisdiction over the matter. Id.

An opinion from this district determined that FDCPA claims have "related to" jurisdiction in bankruptcy if those claims are accompanied by a violation of the automatic stay count. Roman Pérez, 527 B.R. at 854. The court further observed, applying the Pacor standard, that the bankruptcy court may assert jurisdiction over the FDCPA claim if the discharge has not been entered because any recovery would have an effect over the bankruptcy estate.[3] Id.

In this case, the court lacks jurisdiction to entertain the FDCPA claim because the result of the adversary proceeding will not have an effect over the estate. The Plaintiff moved to dismiss counts II and III of the complaint (violation of the automatic stay and FDCPA against CICA) and the court granted the dismissal. Docket Nos. 47 & 49. The Plaintiff also reached an agreement with co-defendant, Claro, and moved to voluntarily dismiss count I of the complaint (violation of the automatic stay against Claro) with prejudice. Docket Nos. 57 & 61. The court granted the voluntary dismissal against Claro with prejudice. Docket Nos. 64 & 65. We are left with count IV, which is also a claim brought under the FDCPA against CICA, and the Plaintiff defends the remainder of this count alleging that the set of facts also provides for violation of the automatic stay.

Using the Pacor standard and taking into consideration the decision in Roman, count IV, a claim under the FDCPA, is not related to bankruptcy. Following the Pacor standard, we stress that the end result of this count will not have an effect on the bankruptcy estate. The discharge has already been granted to the Plaintiff (Bankruptcy Case No. 19-05560-MCF7, Docket No. 98),

---

[2] In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991)( "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy")(citing Pacor at 994).

[3] The court in Roman also cautioned that FDCPA claims may be precluded by 11 U.S.C. § 362(k) and allowing both counts "would allow [p]laintiffs to obtain damages from two different sources for the same violation." Roman, 527 B.R. at 865.

meaning that any monetary award from the prosecution of the claim will not have an impact on the Plaintiff's bankruptcy estate. As such, the bankruptcy court does not have jurisdiction to entertain the instant complaint and dismisses the complaint under Fed. R. Civ. P. 12(b)(1). Because we lack jurisdiction to hear the dispute and we have already determined that dismissal is warranted, we will not address CICA's arguments for dismissal under Fed. R. Civ. P. 12(b)(6).

## Conclusion

For the above reasons, the motion to dismiss is granted under Fed. R. Civ. P. 12(b)(1) and the adversary proceeding is dismissed as to CICA Collection Agency, Inc.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of June, 2022.

_____

MILDRED CABAN FLORES

United States Bankruptcy Judge